(113 So. 463)

No. 26978.

### LIDDELL v. LEX.

May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Trial** ⬤⟳140(1)—**Credibility of witnesses is for jury.**

   In action for assault and slander, it was within jury's province to pass on credibility of witnesses.

2. **Appeal and error** ⬤⟳1005(3)—**Where question is one of fact and evidence conflicts, verdict, particularly if approved by trial judge, will be disturbed only for manifest error.**

   Where question is one of fact and evidence conflicts, verdict, particularly when approved by trial judge, will not be disturbed, except for manifest error.

3. **Assault and battery** ⬤⟳35—**Evidence held to support judgment for defendant sued for assault.**

   In action for assault, evidence *held* to support judgment for defendant.

4. **Libel and slander** ⬤⟳112(1)—**Evidence held to support judgment for defendant sued for slander.**

   In action for slander, evidence *held* to support judgment for defendant.

Appeal from Civil District Court, Parish of Orleans; Sam A. Le Blanc, Judge.

Separate suits by Miss Etruria Liddell against Louis M. Lex and another for assault and slander and false arrest. Cases consolidated. Judgment for plaintiff in first suit, and from judgment for defendant in second suit plaintiff appeals. Affirmed.

Henry W. Robinson, of New Orleans, for appellant.

Dart & Dart, of New Orleans, for appellee.

ROGERS, J. Plaintiff instituted separate suits against defendant and his daughter, Mrs. Mamie Pierpont, to recover heavy damages for alleged assault and slander, with an additional claim for false arrest against Mrs. Pierpont. With the exception of the claim based on the allegation of false arrest, the facts in each case arise out of the same occurrence. The cases were consolidated for the purpose of trial and submitted to the same jury, who returned a verdict for $250 in favor of plaintiff in the Pierpont Case, and in favor of defendant, rejecting plaintiff's demand in the other case. Neither party appealed from the judgment in the former case. The present appeal is from the judgment in the latter case.

In the month of June, 1923, the mother of plaintiff was the tenant of defendant at No. 1030 Annunciation street, in the city of New Orleans, which she operated as a rooming house, principally for mariners. Plaintiff, who was employed as a stenographer by one of the railroads of the city of New Orleans, resided with her mother.

Defendant also owned the premises No. 1032 Annunciation street, on the lower floor of which he operated a bakery shop, and the upper floor of which he utilized as a residence. His daughter, Mrs. Pierpont, and her husband, resided with him.

Plaintiff's story is that about 5 o'clock in the afternoon of June 16, 1923, she attempted to enter the shop of the defendant for the purpose of purchasing a loaf of bread and of paying the rent of the premises occupied by her mother; that as she was about to enter the shop she was seized by the arm by Mrs. Pierpont, who grossly insulted her; that she managed to escape from the grasp of her tormentor and entered the shop, where she purchased a loaf of bread and paid the rent, for which she did not obtain a receipt until the next day; that Mrs. Pierpont also entered the shop, wherein she was soon followed by

plaintiff's mother, who had been summoned to the scene by a spectator; that while in the shop Mrs. Pierpont continued her slanderous remarks, snatching out of her hand the loaf of bread, and throwing it at the mother of plaintiff; that Mrs Pierpont also threw a cake pan on plaintiff's foot and attempted to attack her with a cake knife, but was prevented from so doing by Mr. Pierpont, who was also present; that Mrs. Pierpont demanded of defendant, her father, that he throw plaintiff out of the shop; that defendant ran from behind the counter, picked up a loaf of bread, and attempted to give it to plaintiff, demanding that she take it and get out; that plaintiff declined to accept the bread and refused to leave the premises until defendant returned to her the price of the bread and a receipt for the rent which she had paid; that defendant then seized plaintiff and her mother by the arms and pushed them out of the shop, at the same time using language of and concerning them of a highly slanderous character.

Defendant denied the alleged assault and slander. He testified on the witness stand that plaintiff's mother had been his tenant and neighbor for eight or nine years, and that he had never had any trouble with her or her daughter; that he never knew of them doing anything that was not respectable, and had never heard anything derogatory to their characters.

His story is that plaintiff entered his shop on the day in question, not for the purpose of purchasing bread and paying rent, but to create a disturbance, which as a matter of fact, she did; that the rent was paid the next day by a sister of plaintiff, and that it was at that time he gave the receipt therefor; that on the day the disturbance occurred Mrs. Pierpont, his daughter, returning from the corner, where she had been engaged in conversation with some of the neighbors, was met at a point near the door of his shop by plaintiff, who, shaking her finger in his daughter's face angrily accused her of speaking disrespectfully of plaintiff to the said neighbors, and declaring, "You are going to pay dear for that"; that his daughter denied the accusation and insisted upon plaintiff accompanying her to said neighbors, who also denied that any such statement had been made; that plaintiff, apparently not satisfied with these denials, entered his store, after Mrs. Pierpont and her husband had retired to their rooms, and sought to make defendant believe that his daughter had insulted her; that plaintiff spoke in a loud and angry voice, and that his daughter, hearing plaintiff repeat the alleged insulting statement to him, came downstairs, robed in her husband's bathrobe (she was engaged in dressing preparatory to going out with her husband), followed by her husband, and explained to defendant that she had not used the language attributed to her by plaintiff; that his daughter then requested plaintiff to leave the premises, which plaintiff declined to do, with the statement that it was not his daughter's house; that his daughter thereupon telephoned for the police, when plaintiff retired, remarking to his daughter, "You are no lady," to which "the retort courteous" was, "If I am no lady, then you are no lady," which latter remark was repeated by plaintiff to her mother, who, in the meantime, had entered the shop; that both plaintiff and her mother, on leaving defendant's premises, declared, "that it is going to cost her money; she is going to pay dear for it"; that, when plaintiff complained to him concerning the alleged insulting statement of his daughter, he replied that she must be mistaken, admonished her to be quiet, and advised her to let the matter drop, but that plaintiff insisted she was correct, and refused to leave his shop until his daughter telephoned for the police.

Subsequently, Mrs. Pierpont caused an affidavit for disturbing the peace to be made against plaintiff, with the object of having her placed under a peace bond. This charge was finally withdrawn after plaintiff and her mother removed from the premises No. 1030

Annunciation street, which was in August, 1923. There matters rested until October 23, 1923, when defendant received a communication from the attorney of plaintiff, advising him that plaintiff had placed her claim for damages in his charge for adjustment or suit. The suit was filed November 15, 1923.

[1-4] A number of witnesses were sworn on behalf of the respective parties. We do not deem it necessary to review their testimony here. It suffices to say that, as is usual in such cases, the testimony is conflicting on all essential facts. It was within the province of the jury to pass upon the credibility of the witnesses produced to establish these facts. Their verdict and refusal of the judge a quo to grant a new trial indicate that plaintiff. as was her burden, failed to make out her case to their satisfaction. We have repeatedly held that, where the question is one of fact, and the evidence is conflicting, the verdict of the jury, particularly when approved by the trial judge, will not be disturbed, unless it is manifestly erroneous. We have carefully read the testimony in the record, and are not prepared to say that the jury and the judge erred in this case.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.